## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Case No:

JAMES PIERRE,

      Plaintiff,

v.

HOME DEPOT U.S.A.,
a foreign corporation

      Defendant.

_____/

## NOTICE OF REMOVAL BY DEFENDANT

The Defendant/Petitioner, HOME DEPOT U.S.A., INC., by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446(e), hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, to remove to the United States District Court, Middle District of Florida, Orlando Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida (the "State Court"), Case No: 2021-CA-026295-XXXX-XX; and styled *JAMES PIERRE v. HOME DEPOT U.S.A., INC.*  In support of this Notice of Removal of Cause, the following would be averred:

1. The Plaintiff, JAMES PIERRE, filed a personal injury negligence action in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida (Case No.: 2021-CA-026295-XXXX-XX) based upon an incident occurring on or about July 9, 2019, where the Plaintiff, JAMES PIERRE, allegedly slipped and fell in the Home Depot store located at 3373 Ronald McNair Way, Titusville, Brevard County, Florida.  (A copy of the

Plaintiff's Complaint is attached hereto as **Exhibit "A"**).

2. Pursuant to 28 U.S.C. § 1446 and Local Rules, a copy of all process, pleadings, orders, and other papers or exhibits on file in the case are attached as **Composite Exhibit "B"** and delineated as follows: (a) Complaint; (b) Summons; and (c) Defendant's Answer and Affirmative Defenses.  (Any discovery filed in the State Court action will not be filed in the instant action pursuant to Federal and/or Local Rules).

3. The State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. §§ 1441 and 1332.

4. 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

5. 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6. 28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...
>
> > (1) citizens of different States.

7. Subsection (c) of 28 U.S.C. § 1332 provides:

> For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…

8. 28 U.S.C. § 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable….

## COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PROPER PARTIES

9. Upon information and belief, including review of Plaintiff's medical records submitted by Plaintiff's counsel prior to the initiation of this lawsuit, Plaintiff is and has been at all times material hereto a resident of Brevard County, Florida, specifically, Titusville, Florida.

10. Although residency may not be the equivalent of citizenship for diversity purposes, state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. See Jones v. Law Firm of Hill and Ponton, 141 F.Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. See Jones, 141 F.Supp. at 1355, citing District of Columbia v. Murphy, 314 U.S. 441, 455 (1941). Furthermore, once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. Id. at 1355, citing Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). In the instant matter, it is anticipated that the Plaintiff will not file anything to rebut such a

presumption.

11. There are no allegations in the Plaintiff's Complaint as to citizenship of the Defendant, HOME DEPOT U.S.A., INC., or the location of its principal place of business, other than correctly identifying it as a foreign corporation. The allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the Plaintiff's Complaint. Huchon v. Jankowski, 2007 WL 221421 at *2 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) citing Davis v. Cluet, Peabody & Co., 667 F.2d 1371, 1373 (11th Cir. 1982).

12. The Defendant, HOME DEPOT U.S.A., INC., is a Delaware Corporation.  The principal place of business of HOME DEPOT U.S.A., INC. is located at 2455 Paces Ferry Road, Atlanta, Cobb County, Georgia 30339.   (See current Florida Department of State - Division of Corporations printout and Annual Report electronically signed by an officer and/or director of HOME DEPOT U.S.A., INC., attached hereto as **Composite Exhibit "C"**).

13. Therefore, for purposes of diversity jurisdiction the Defendant, HOME DEPOT U.S.A., INC., could only be considered a citizen of either Delaware or Georgia, but not Florida.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.

14. There are no allegations in Plaintiff's Complaint that the Plaintiff is a citizen of Delaware or Georgia.

## **AMOUNT IN CONTROVERSY**

15. In his Complaint, the Plaintiff has generally pled, "[T]his is an action for damages that

exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees." (See Paragraph 1 of **Exhibit "A"**).  The Plaintiff has not pled any specific amount of damages sought.

16. When a plaintiff files the case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional requirements. Williams v. Best Buy Co. Inc., 269 F.3d 1316 (11th Cir. 2001).

17. Based upon the factual allegations as phrased in the Complaint read in conjunction with the Plaintiff's pre-suit demand letter, specifically as it relates to the amount of damages, Plaintiff is seeking in this lawsuit, the amount in controversy in this action far exceeds the jurisdictional requirements of this Court.

18. On or about September 11, 2020, the Plaintiff, through his counsel, provided to the Defendant, or others on Defendant's behalf, a pre-suit demand letter. Within Plaintiff's pre-suit demand letter, the Plaintiff admits that the total amount of damages being sought in this lawsuit exceeds $75,000.  See **Exhibit "D"** (see page 3 of the demand letter).

19. Although not dispositive, pre-suit settlement offers can be considered in establishing that the jurisdictional threshold has been met. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097, (11th Cir. 1994), cited in Morock v. Chautauqua Airlines. Inc., 2007 WL 1725232 (M.D. Fla. 2007, Case No. 8:07-CV-00210-T17MAP).

20. Defendant may use a variety of documents as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable. Essenson v. Coale, 848 F.Supp. 987 (M.D. Fla. 1994), cited in Martin v. Mentor Corporation, 142 F. Supp. 2d 1346 (M.D.

Fla. 2001).

21. In his pre-suit demand letter, the Plaintiff valued his claims in excess of $2,000,000. See **Exhibit "D."**

22. To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff, including a plaintiff's valuation of the case. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).

23. Based upon Plaintiff's pre-suit demand letter, there is hard evidence that the amount in controversy requirement has been met.  A plaintiff's settlement demand can be used to support removal of a case if it is "an honest assessment of damages."  Golden v. Dodge-Markham Co., 1 F.Supp. 2d 1360, 1364 (M.D. Fla. 1998); see also Essenson v. Coale, 848 F.Supp 987, 990 (M.D. Fla. 1994) ("To prohibit Defendants from removing based on an offer of judgment that clearly establishes [the amount] in controversy would violate Defendants' statutory rights under 28 U.S.C. § 1446(b)."). In the instant matter, Plaintiff's counsel's pre-suit demand letter, on its face, purports to be "an honest assessment of damages," a fact unlikely to be disputed by the Plaintiff.  In the instant matter, the pre-suit demand letter was fact-intensive, and contained very detailed medical information regarding Plaintiff's alleged injuries, such as diagnosis, treatment, medical bills, and permanent injuries.  Thus, based upon Plaintiff's own valuation of his claims, the amount in controversy requirement has been met.

24. The above information, specifically the Plaintiff's pre-suit demand letter, can only lead to the conclusion that the amount in controversy in this matter exceeds $75,000.

25. A "settlement letter is valuable evidence to indicate the amount in controversy at the

time of removal." <u>Fairchild v. State Farm Mut. Auto. Ins. Co.</u>, 907 F.Supp. 969, 971

(M.D. La. 1995) citing <u>Wilson v. Belin</u>, 20 F.3d 644, 651 n.8 (5th Cir. 1994).

26. This Notice of Removal of Cause was timely filed within thirty (30) days from May 7,

2021, the date upon which the Defendant/Petitioner (HOME DEPOT) was served

with Plaintiff's Complaint.  <u>See</u> **Composite Exhibit "B"**, attached.  There has been

no waiver by the Defendant/Petitioner of any rights to remove this cause to the

Federal Court.

27. The undersigned counsel are attorneys of record for the Defendant, and have been

specifically authorized to act on behalf of the Defendant/Petitioner in seeking removal

of this cause to the Federal Court.

WHEREFORE, Defendant/Petitioner, HOME DEPOT U.S.A., INC., hereby petitions this

Court for entry of an Order removing this cause from the Circuit Court of the Eighteenth Judicial

Circuit, in and for Brevard County, Florida, to the United States District Court, Middle District

of Florida, Orlando Division, and further demands enjoining prosecution by the

Plaintiff/Respondent in the State Court proceedings and further directing that the State Court

action shall proceed no further and last until further Order of Remand is forthcoming from this

Court.

RESPECTFULLY SUBMITTED this 4th day of June, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I filed the foregoing document with the Clerk of the Court

electronically on June 4, 2021.  I also certify that the foregoing document is being served this

day on all counsel of record identified on the attached Service List in the manner specified, either

via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

LUKS, SANTANIELLO, PETRILLO, COHEN
& PETERFRIEND
Attorneys for Defendant
201 S ORANGE AVENUE
SUITE 400
ORLANDO, FL 32801
Telephone:  (407) 540-9170
Facsimile:  (407) 540-9171


By: /s/ Michael A. Kerwin
    Anthony Merendino
    Florida Bar No.: 860948
    Michael A. Kerwin
    Florida Bar No.:  102697
LUKSORL-Pleadings@LS-Law.com

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES PIERRE v. HOME DEPOT U.S.A., INC.**

**SERVICE LIST**

**Counsel for Plaintiff:**

Edward C. Combs, Jr., Esquire, Morgan & Morgan, P.A., 940 S. Harbor City  Boulevard, Melbourne, Florida, 32901 (ecombs@forthepeople.com; alishaedwards@forthepeople.com)

# EXHIBIT "A"

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

**CASE NO:**

**JAMES PIERRE,**

      **Plaintiff,**

**vs.**

**HOME DEPOT USA, INC.,**

      **Defendant.** _____ /

### COMPLAINT

Plaintiff, JAMES PIERRE, by and through the undersigned counsel, hereby sues Defendant, HOME DEPOT USA, INC., and alleges as follows:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff, JAMES PIERRE, is a natural person residing in Brevard County, Florida.

3.    At all times material to this action, Defendant, HOME DEPOT USA, INC., is a foreign corporation licensed to do business in the State of Florida.

4.    At all times material hereto, Defendant, HOME DEPOT USA, INC., was the owner and in possession of that certain business located at 3373 Ronald McNair Way, Titusville, FL 32780, Brevard County, Florida, open to the general public, including the Plaintiff herein.

5.    On or about July 9, 2019, Plaintiff, JAMES PIERRE, visited Defendant's premises located at the above address as a business invitee and/or guest.

6.      At said time and place, Plaintiff, JAMES PIERRE, was a lawfully guest upon the premises of the Defendant, HOME DEPOT USA, INC., who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

### COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, HOME DEPOT USA, INC.

7.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)      Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)      Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

g)   Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

h)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)   Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)   Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)   Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)   Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)  Negligently failing to act reasonably under the circumstances;

n)   Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)   Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)   Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on

Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)   Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)   Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10.   As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

11.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, HOME DEPOT USA, INC.**

12.   Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13.   At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)    Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)    Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)    Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)    Negligently failing to act reasonably under the circumstances;

n)    Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)    Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)    Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)    Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16.     As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

17.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

/s/ Edward C. Combs, Jr.
**Edward C. Combs, Jr., Esquire**
**FBN 84096**
Morgan & Morgan, P.A.
940 S. Harbor City Blvd.
Melbourne, FL 32901
Telephone: (321) 327-6969
Facsimile: (321) 327-6980
Primary email: ecombs@forthepeople.com
Secondary email:alishaedwards@forthepeople.com;
*Attorneys for Plaintiff*

# EXHIBIT "B"

Filing # 125598432 E-Filed 04/26/2021 02:18:16 PM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

**CASE NO:**   05-2021-CA-026295-XXXX-XX

**JAMES PIERRE,**

  **Plaintiff,**

**vs.**

**HOME DEPOT USA, INC.,**

  **Defendant.** _____ /

Date: 5-7-21
Time: 10:45 am
By: HNC #265

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

  YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**Home Depot USA, Inc.**
**c/o CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

  Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **EDWARD C. COMBS, JR., ESQUIRE, Morgan & Morgan, P.A.,** 940 s. Harbor City Blvd., Melbourne, FL 32901, Telephone: (321) 327-6969, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **BREVARD COUNTY COURTHOUSE, 2825 JUDGE FRAN JAMIESON WAY, VIERA 32940, (321) 633-2171**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the ___4___ day of ___May___, 2021

Clerk of the Circuit Court

By _Sheryl L Payne_

As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez

3

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**MORGAN & MORGAN, P.A.**
**940 S. Harbor City Blvd**
**Melbourne, FL  32901**

4

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

### CASE NO:

**JAMES PIERRE,**

      **Plaintiff,**

**vs.**

**HOME DEPOT USA, INC.,**

      **Defendant.** _____ /

### COMPLAINT

Plaintiff, JAMES PIERRE, by and through the undersigned counsel, hereby sues Defendant, HOME DEPOT USA, INC., and alleges as follows:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff, JAMES PIERRE, is a natural person residing in Brevard County, Florida.

3.    At all times material to this action, Defendant, HOME DEPOT USA, INC., is a foreign corporation licensed to do business in the State of Florida.

4.    At all times material hereto, Defendant, HOME DEPOT USA, INC., was the owner and in possession of that certain business located at 3373 Ronald McNair Way, Titusville, FL 32780, Brevard County, Florida, open to the general public, including the Plaintiff herein.

5.    On or about July 9, 2019, Plaintiff, JAMES PIERRE, visited Defendant's premises located at the above address as a business invitee and/or guest.

6.      At said time and place, Plaintiff, JAMES PIERRE, was a lawfully guest upon the premises of the Defendant, HOME DEPOT USA, INC., who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, HOME DEPOT USA, INC.

7.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)      Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)      Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)       Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

g)       Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

h)       Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)       Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)       Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)       Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)       Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)    Negligently failing to act reasonably under the circumstances;

n)      Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)      Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)      Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on

Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)  Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)  Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10.   As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

11.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, HOME DEPOT USA, INC.

12.   Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13.   At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)    Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)      Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)      Negligently failing to act reasonably under the circumstances;

n)      Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)      Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)      Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)      Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16.     As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

17.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

/s/ Edward C. Combs, Jr.
**Edward C. Combs, Jr., Esquire**
**FBN 84096**
Morgan & Morgan, P.A.
940 S. Harbor City Blvd.
Melbourne, FL 32901
Telephone: (321) 327-6969
Facsimile: (321) 327-6980
Primary email: ecombs@forthepeople.com
Secondary email:alishaedwards@forthepeople.com;
*Attorneys for Plaintiff*

HDS-35782R

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.:  2021-CA-026295-XXXX-XX

JAMES PIERRE,

      Plaintiff(s),

v.

HOME DEPOT U.S.A., INC.,

      Defendant(s).

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
## AND DEMAND FOR JURY TRIAL

      Defendant, HOME DEPOT U.S.A., INC., a Foreign corporation (hereinafter "Home

Depot"), by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure

1.110, hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's

Complaint, as follows:

1.  Admitted for jurisdictional purposes only.

2.  Without knowledge and therefore denied.

3.  Admitted for jurisdictional purposes only.

4.  Admitted for jurisdictional purposes only. Otherwise, denied as phrased.

5.  Denied.

6.  Denied as phrased. Florida law speaks for itself.

## COUNT I – CLAIM FOR PREMISES LIABILITY
## AGAINST DEFENDANT, HOME DEPOT U.S.A, INC.

Case No.: 2021-CA-026295-XXXX-XX
Page 2

7.  Defendant realleges and reasserts the responses contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.  Denied as phrased. Florida law speaks for itself.

9.  Denied, including subparts a) through s).

10. Denied.

11. Denied.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, HOME DEPOT U.S.A., INC.

12. Defendant realleges and reasserts the responses contained within paragraphs one (1) through six (6) as if fully set forth herein.

13. Denied as phrased.

14. Denied as phrased. Florida law speaks for itself.

15. Denied, including subparts a) through s).

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.  The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.

Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for his own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3. There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages as the Doctrine of Joint and Several Liability has been abolished.

   The subject parties that may be liable are the co-defendants named in this or any prior or subsequent complaint, and this defendant incorporates by reference the allegations made against them in the complaint. Should the Plaintiff settle with or dismiss any or all of these named co-defendants, then the defendant would adopt and incorporate these same allegations against them.

4. Plaintiff has received or is entitled to receive payments from collateral sources as identified by section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5. The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control.  In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

Case No.: 2021-CA-026295-XXXX-XX
Page 4

6.  Plaintiff failed to mitigate or minimize his damages, if any.

7.  The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.  The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9.  The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.  Additionally, if the plaintiff is a tenant or guest or family of the tenant, the claim is barred or reduced by Section 83.52, Florida Statutes.

10. Plaintiff failed to take ordinary and reasonable care in conducting himself on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11. This Defendant had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself all defenses burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12. If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all

defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13. Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

14. At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

15. The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16. Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17. If discovery reveals Plaintiff to be a borrowed servant and/or statutory employee, then this action and said claims are barred by the Doctrine of Worker's Compensation Immunity, Section 440.11, Florida Statutes.

18. Defendant avails itself of the defenses and burdens of proof required by Plaintiff pursuant to Section 768.0755, Florida Statutes, which requires Plaintiff to prove negligence in the maintenance, inspection, repair, warning, or mode of operation of the premises.

19. Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

Case No.: 2021-CA-026295-XXXX-XX
Page 6

20. Plaintiff has failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and Marion v. Orlando Pain & Medical Rehabilitation Centers, Inc., 2009 W.L. 7582985 (Fla. Cir. Ct., Seminole County 2009); plaintiff is a Medicare beneficiary, then defendant is entitled to a write-down or setoff under the Medicare fee schedule.

21. Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of ay governmental or charitable benefits available and further, that the defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

22. Defendant asserts that it is entitled  to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other  expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 901 So. 2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

23. This defendant did not have possession or otherwise exclusive possession was had by others not subject to this defendant's control.  Therefore, the exclusivity of possession defense relieves this defendant of any liability or duty.

Case No.: 2021-CA-026295-XXXX-XX
Page 7

24. The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

25. To the extent that Plaintiff's statutory survivors fail to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff's survivors have failed to mitigate their damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 4th day of June, 2021.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant
201 S ORANGE AVENUE
SUITE 400
ORLANDO, FL 32801
Telephone:  (407) 540-9170
Facsimile:  (407) 540-9171


By: /s/ Michael A. Kerwin_____
    Michael A. Kerwin
    Florida Bar No.:  102697
    LUKSORL-Pleadings@LS-Law.com

Case No.: 2021-CA-026295-XXXX-XX
Page 8

## <u>SERVICE LIST</u>

Edward C. Combs, Jr., Esquire, Morgan & Morgan, P.A., 940 S. Harbor City  Boulevard, Melbourne, Florida, 32901 (ecombs@forthepeople.com; alishaedwards@forthepeople.com)

# COMPOSITE EXHIBIT "C"



- Department of State
- Division of Corporations
- Search Records
- Search by Entity Name

Previous On List      Next On List      Return to List

home depot u.s.a

Search

**No Events**      **No Name History**

# Detail by Entity Name

Foreign Profit Corporation

HOME DEPOT U.S.A., INC.

Filing Information
Document NumberP25953FEI/EIN Number58-1853319Date Filed09/08/1989StateDEStatusACTIVE
Principal Address
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Changed: 04/02/2010
Mailing Address
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Changed: 04/30/2015
Registered Agent Name & AddressCORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

Name Changed: 07/25/2006

Address Changed: 07/25/2006
Officer/Director Detail**Name & Address**

Title CHIEF EXECUTIVE OFFICER

MENEAR, CRAIG A.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title DIRECTOR, EXECUTIVE VICE PRESIDENT, SECRETARY, GENERAL COUNSEL

WYNN ROSEBOROUGH, TERESA
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title DIRECTOR, EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER

McPHAIL, RICHARD V.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title ASSISTANT SECRETARY

INGRAM, STACY S.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title ASSISTANT SECRETARY

LAMOREE, MARY BETH
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT

DEWALT, KAREN
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title EXECUTIVE VICE PRESIDENT, CHIEF INFORMATION OFFICER

CAREY, MATTHEW A.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title EXECUTIVE VICE PRESIDENT

HOLIFIELD, MARK Q.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title DIRECTOR, EXECUTIVE VICE PRESIDENT

CAMPBELL, ANNE-MARIE
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT, ASSISTANT SECRETARY

MUNIZ, PETER J.

2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title SENIOR VICE PRESIDENT

BOMAR, SCOTT
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title EXECUTIVE VICE PRESIDENT

HOURIGAN, TIMOTHY A.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title EXECUTIVE VICE PRESIDENT

LENNIE, WILLIAM G.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT

SWEENEY, THOMAS
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT

HOWE, COURTNEY
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT, ASSISTANT SECRETARY

STEELE, K. DAVID
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title SENIOR VICE PRESIDENT

O'KELLY, SHANE M.
701 SAN MARCO BOULEVARD
JACKSONVILLE, FL 32207

Title VICE PRESIDENT, TREASURER

JANCI , ISABEL C.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT, ASSISTANT SECRETARY

HUNTER, JOCELYN J.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title VICE PRESIDENT, CHIEF ACCOUNTING OFFICER, CONTROLLER

GIBBS, STEPHEN L.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title ASSISTANT SECRETARY

WARD, MATTHEW A.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Title PRESIDENT, CHIEF OPERATING OFFICER

DECKER, EDWARD P.
2455 PACES FERRY ROAD
ATLANTA, GA 30339

Annual Reports

| Report Year | Filed Date |
|---|---|
| 2020 | 02/07/2020 |
| 2020 | 02/17/2020 |
| 2021 | 03/19/2021 |

Document Images

| | |
|---|---|
| 03/19/2021 -- ANNUAL REPORT | View image in PDF format |
| 02/17/2020 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 02/07/2020 -- ANNUAL REPORT | View image in PDF format |
| 01/30/2019 -- ANNUAL REPORT | View image in PDF format |
| 01/03/2018 -- ANNUAL REPORT | View image in PDF format |
| 04/20/2017 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2014 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2013 -- ANNUAL REPORT | View image in PDF format |
| 10/26/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/14/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/05/2011 -- ANNUAL REPORT | View image in PDF format |

| | |
|---|---|
| 04/02/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2009 -- ANNUAL REPORT | View image in PDF format |
| 02/04/2008 -- ANNUAL REPORT | View image in PDF format |
| 01/31/2007 -- ANNUAL REPORT | View image in PDF format |
| 07/25/2006 -- Reg. Agent Change | View image in PDF format |
| 04/03/2006 -- ANNUAL REPORT | View image in PDF format |
| 07/18/2005 -- ANNUAL REPORT | View image in PDF format |
| 06/09/2004 -- ANNUAL REPORT | View image in PDF format |
| 01/27/2003 -- ANNUAL REPORT | View image in PDF format |
| 02/20/2002 -- ANNUAL REPORT | View image in PDF format |
| 08/07/2001 -- ANNUAL REPORT | View image in PDF format |
| 02/02/2000 -- ANNUAL REPORT | View image in PDF format |
| 02/24/1999 -- ANNUAL REPORT | View image in PDF format |
| 04/08/1998 -- ANNUAL REPORT | View image in PDF format |
| 04/25/1997 -- ANNUAL REPORT | View image in PDF format |
| 05/01/1996 -- ANNUAL REPORT | View image in PDF format |
| 02/06/1995 -- ANNUAL REPORT | View image in PDF format |

Previous On List      Next On List      Return to List

**No Events      No Name History**

home depot u.s.a

Search

Florida Department of State, Division of Corporations

Florida Department of State

- Division of Corporations

**2021 FOREIGN PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P25953

**Entity Name:** HOME DEPOT U.S.A., INC.

**FILED**
**Mar 19, 2021**
**Secretary of State**
**0844997232CC**

**Current Principal  Place of Business:**

2455 PACES FERRY ROAD
ATLANTA, GA  30339

**Current Mailing Address:**

2455 PACES FERRY ROAD
ATLANTA, GA  30339  US

**FEI Number:** 58-1853319                                          **Certificate of Status Desired:**  No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301-2525  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

|  |  |
| --- | --- |
| Electronic Signature of Registered Agent | Date |

**Officer/Director Detail :**

| Title | CHIEF EXECUTIVE OFFICER | | Title | DIRECTOR, EXECUTIVE VICE PRESIDENT, SECRETARY, GENERAL COUNSEL |
| --- | --- | --- | --- | --- |
| Name | MENEAR, CRAIG A. | | | |
| Address | 2455 PACES FERRY ROAD | | Name | WYNN ROSEBOROUGH, TERESA |
| City-State-Zip: | ATLANTA GA  30339 | | Address | 2455 PACES FERRY ROAD |
| | | | City-State-Zip: | ATLANTA GA  30339 |
| Title | DIRECTOR, EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER | | Title | ASSISTANT SECRETARY |
| Name | MCPHAIL, RICHARD V. | | Name | INGRAM, STACY S. |
| Address | 2455 PACES FERRY ROAD | | Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA  30339 | | City-State-Zip: | ATLANTA GA  30339 |
| Title | ASSISTANT SECRETARY | | Title | VICE PRESIDENT |
| Name | LAMOREE, MARY BETH | | Name | DEWALT, KAREN |
| Address | 2455 PACES FERRY ROAD | | Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA  30339 | | City-State-Zip: | ATLANTA GA  30339 |
| Title | EXECUTIVE VICE PRESIDENT, CHIEF INFORMATION OFFICER | | Title | EXECUTIVE VICE PRESIDENT |
| Name | CAREY, MATTHEW A. | | Name | HOLIFIELD, MARK  Q. |
| Address | 2455 PACES FERRY ROAD | | Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA  30339 | | City-State-Zip: | ATLANTA GA  30339 |

**Continues on page 2**

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: STACY S. INGRAM                    ASSISTANT SECRETARY    03/19/2021

Electronic Signature of Signing Officer/Director Detail                                                    Date

**Officer/Director Detail Continued :**

| | |
|---|---|
| Title | DIRECTOR, EXECUTIVE VICE PRESIDENT |
| Name | CAMPBELL, ANNE-MARIE |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | SENIOR VICE PRESIDENT |
| Name | BOMAR, SCOTT |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | EXECUTIVE VICE PRESIDENT |
| Name | LENNIE, WILLIAM G. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT |
| Name | HOWE, COURTNEY |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | SENIOR VICE PRESIDENT |
| Name | O'KELLY, SHANE M. |
| Address | 701 SAN MARCO BOULEVARD |
| City-State-Zip: | JACKSONVILLE FL 32207 |

| | |
|---|---|
| Title | VICE PRESIDENT, ASSISTANT SECRETARY |
| Name | HUNTER, JOCELYN J. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | ASSISTANT SECRETARY |
| Name | WARD, MATTHEW A. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT, ASSISTANT SECRETARY |
| Name | MUNIZ, PETER J. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | EXECUTIVE VICE PRESIDENT |
| Name | HOURIGAN, TIMOTHY A. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT |
| Name | SWEENEY, THOMAS |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT, ASSISTANT SECRETARY |
| Name | STEELE, K. DAVID |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT, TREASURER |
| Name | JANCI , ISABEL C. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | VICE PRESIDENT, CHIEF ACCOUNTING OFFICER, CONTROLLER |
| Name | GIBBS, STEPHEN L. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

| | |
|---|---|
| Title | PRESIDENT, CHIEF OPERATING OFFICER |
| Name | DECKER, EDWARD P. |
| Address | 2455 PACES FERRY ROAD |
| City-State-Zip: | ATLANTA GA 30339 |

# EXHIBIT "D"

Confidential Settlement Communication

# MORGAN & MORGAN®

*Attorneys At Law*

940 S. HARBOR CITY BOULEVARD
MELBOURNE, FL 32901
(321) 802-5038
FAX: (321) 802-5034

September 11, 2020

**PLEASE BE ADVISED THAT THIS LETTER CONTAINS A TIME SENSITIVE SETTLEMENT OFFER. ALL SECTIONS OF THIS PACKAGE ARE SUBMITTED FOR THE PURPOSE OF SETTLEMENT ONLY. PLEASE GIVE THIS LETTER YOUR IMMEDIATE ATTENTION.**

## CERTIFIED MAIL-RETURN RECEIPT

\* 9 5 3 4 8 2 7 \*
Sedgewick C.M.S.
P.O. Box 14421
Lexington, KY  40512

RE:        Our Client:    James Pierre
           Your Insured:  Home Depot
           Date of Loss:  7/6/2019
           Claim #:       20190755400

Dear Sir or Madam:

  As you are aware, our firm has been retained to represent James Pierre in his negligence claim against your insured.  After careful consideration, it is our belief that this claim has reached a point where settlement can and should be considered, thereby avoiding the undue costs associated with litigation. This claim can and should resolve at this time.

## DATE OF INCIDENT:

7/6/2019

## AGE/SEX:

39 years old / male

www.forthepeople.com

ATLANTA, GA  ♦  BIRMINGHAM, AL  ♦  BOWLING GREEN, KY  ♦  COLUMBUS, GA  ♦  DAYTONA BEACH, FL  ♦  DELAND, FL  ♦  FT. MYERS, FL  ♦  JACKSON, MS  ♦  GAINESVILLE, FL
JACKSONVILLE, FL  ♦  KISSIMMEE, FL  ♦  LAKELAND, FL  ♦  LEXINGTON, KY  ♦  LOUISVILLE, KY  ♦  MELBOURNE, FL  ♦  MEMPHIS, TN  ♦  MOBILE, AL  ♦  NAPLES, FL
NASHVILLE, TN  ♦  NEW YORK, NY  ♦  ORLANDO, FL  ♦  PADUCAH, KY  ♦  PENSACOLA, FL  ♦  PLANTATION, FL  ♦  PRESTONSBURG, KY  ♦  ST. AUGUSTINE, FL
ST. PETERSBURG, FL  ♦  SARASOTA, FL  ♦  SAVANNAH, GA  ♦  TALLAHASSEE, FL  ♦  TAMPA, FL  ♦  TAVARES, FL  ♦  WEST PALM BEACH, FL  ♦  WINTER HAVEN, FL

11-2-2020

2018007854001

6020201102009651

Confidential Settlement Communication

Sedgewick C.M.S.
September 11, 2020
Page 2 of 4

## CAUSE OF INJURY:

Our client was walking into your insured's facility when he slipped and fell on a liquid substance that your insured knew or should have known was present, resulting in injury.

## LIABILITY: CLEAR.

It is our position that liability is clear and that the only issue to be negotiated in this case is the value of the bodily injury claim.

## NATURE OF INJURY:

Torn meniscus in left knee
Disc herniation at C4-C5
Left wrist sprain

## ECONOMIC DAMAGES:

See "Special Damages"

## LIFE EXPECTANCY:        39.46 years

## FUTURE MEDICAL TREATMENT:

Given the nature of his injuries and the amount of pain that he continues to suffer, it is medically certain that James Pierre will require additional medical treatment in the future to mitigate his injuries.   Dr. Robert Hill, opined within a **reasonable degree of medical probability and/or certainty** that James Pierre's injuries are directly related to the incident of 7/6/2019. Dr. Robert Hill, opined within **reasonable degree of medical probability and/or certainty** that James Pierre will require future medical treatment to mitigate the injuries that James Pierre sustained in this incident.

## *NON-ECONOMIC DAMAGES:*

James Pierre's life was abruptly interrupted by the negligence of your insured when he had to seek medical treatment to mitigate his injuries he sustained in this crash.  James Pierre has had to undergo an arthroscopic menisectomy along with months of additional chiropractic treatment.  James Pierre has consistently suffered and experienced pain caused by the injuries he sustained in the incident.  Dr. Robert Hill, opined within a **reasonable degree of medical**

Confidential Settlement Communication

Sedgewick C.M.S.
September 11, 2020
Page 3 of 4

**probability and/or certainty** that James Pierre sustained permanent injuries as a direct result of this incident. Therefore, James Pierre is pursuing both economic and non-economic damages.

In the event this claim does not resolve in accordance with the terms and conditions of this demand, Plaintiff will present a customary per diem argument to the jury for non-economic damages.

A fair and reasonable amount to compensate James Pierre for his pain, suffering, mental anguish, and inconvenience since 7/6/2019 is $10 per hour for *every waking hour* he has spent suffering with pain caused by the injuries he sustained in this incident. (Generally 16 waking hours per day).

**PAST PAIN & SUFFERING:** 433 Days since the incident x $10/hour x 16 hours per day = $69,280

James Pierre continues to suffer and will continue to suffer from the injuries he sustained in this incident for the rest of his life. Our client will live for 39.46 years in to the future. A fair and reasonable amount to compensate James Pierre for his future pain and suffering is $10 per waking hours for the remainder of his life.

**FUTURE PAIN & SUFFERING:** 39.46 Years x 365 days/year x 16 hours/day x $10/hr = $2,304,464

<u>**OFFER TO SETTLE:**</u>        **$500,000**

On the basis of the foregoing damages, it is our opinion that a reasonable settlement value for James Pierre claim for bodily injuries, impairments, economic damages, and non-economic damages is well in excess of the disclosed policy limits.

This claim could and should be settled for $500,000. **This offer of settlement will remain open until Monday, September 28, 2020.** By tendering the available policy limits at this time, we can spare all parties additional legal fees, costs, and delay. Please advise your insured of this pending time sensitive settlement offer.

**Please be advised that this settlement offer is conditioned upon:**

➢ **Settlement draft made payable to the Morgan & Morgan,  P.A. Trust Account f/b/o James Pierre, Tax ID 59-2920684, sent to my direct attention and received in our office, located at 940 S. Harbor City Blvd., Melbourne, FL  32901, and in my possession, no later than Monday, September 28, 2020 by 5:00 PM Eastern Standard time.**

Confidential Settlement Communication

Sedgewick C.M.S.
September 11, 2020
Page 4 of 4

**While not a condition to settle this claim, we are requesting the following in order to formally release your insured by release or otherwise:**

➢ **An affidavit of no other liability coverage executed by your negligent insured.**
➢ **An affidavit stating your negligent insured was not in the course & scope of their employment/agency must be executed and in my possession.**
➢ **An assets affidavit executed by your negligent insured and in my possession.**

**In the event Home Depot requires a release as a condition of settlement, then please be advised that my client will sign a mutual and general release should all other conditions be timely met.**

Enclosed please find all medical records and medical bills in our possession, which document the claim of James Pierre to assist you in your evaluation. Please review the enclosed information and contact my Case Manager, Casandra Marfitt at (321) 327-6970 or cmarfitt@forthepeople.com to discuss settlement prior to our initiation of litigation. My direct contact is (321) 327-6945 should you have any questions or require any other information to fairly evaluate this claim. We look forward to hearing from you soon in this regard.

Sincerely,

Edward C. Combs, Jr.

ECC/cm
Enclosures