<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE MIDDLE DISTRICT OF FLORIDA</u>
<u>ORLANDO DIVISION</u>

Case No:

JAMES PIERRE,

     Plaintiff,

v.

HOME DEPOT U.S.A.,
a foreign corporation

     Defendant.
_____/

<u>NOTICE OF REMOVAL BY DEFENDANT</u>

The Defendant/Petitioner, HOME DEPOT U.S.A., INC., by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446(e), hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, to remove to the United States District Court, Middle District of Florida, Orlando Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida (the "State Court"), Case No: 2021-CA-026295-XXXX-XX; and styled *JAMES PIERRE v. HOME DEPOT U.S.A., INC.*  In support of this Notice of Removal of Cause, the following would be averred:

1.   The Plaintiff, JAMES PIERRE, filed a personal injury negligence action in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida (Case No.: 2021-CA-026295-XXXX-XX) based upon an incident occurring on or about July 9, 2019, where the Plaintiff, JAMES PIERRE, allegedly slipped and fell in the Home Depot store located at 3373 Ronald McNair Way, Titusville, Brevard County, Florida.  (A copy of the

Plaintiff's Complaint is attached hereto as **Exhibit "A"**).

2. Pursuant to 28 U.S.C. § 1446 and Local Rules, a copy of all process, pleadings, orders, and other papers or exhibits on file in the case are attached as **Composite Exhibit "B"** and delineated as follows: (a) Complaint; (b) Summons; and (c) Defendant's Answer and Affirmative Defenses.  (Any discovery filed in the State Court action will not be filed in the instant action pursuant to Federal and/or Local Rules).

3. The State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. §§ 1441 and 1332.

4. 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

5. 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6. 28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...
>
> (1) citizens of different States.

7. Subsection (c) of 28 U.S.C. § 1332 provides:

> For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…

8. 28 U.S.C. § 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable….

## COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PROPER PARTIES

9. Upon information and belief, including review of Plaintiff's medical records submitted by Plaintiff's counsel prior to the initiation of this lawsuit, Plaintiff is and has been at all times material hereto a resident of Brevard County, Florida, specifically, Titusville, Florida.

10. Although residency may not be the equivalent of citizenship for diversity purposes, state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. See Jones v. Law Firm of Hill and Ponton, 141 F.Supp. 2d 1349, 1355 (M.D. Fla. 2001) citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. See Jones, 141 F.Supp. at 1355, citing District of Columbia v. Murphy, 314 U.S. 441, 455 (1941). Furthermore, once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state. Id. at 1355, citing Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). In the instant matter, it is anticipated that the Plaintiff will not file anything to rebut such a

presumption.

11. There are no allegations in the Plaintiff's Complaint as to citizenship of the Defendant, HOME DEPOT U.S.A., INC., or the location of its principal place of business, other than correctly identifying it as a foreign corporation. The allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the Plaintiff's Complaint. <u>Huchon v. Jankowski</u>, 2007 WL 221421 at *2 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) citing <u>Davis v. Cluet, Peabody & Co.</u>, 667 F.2d 1371, 1373 (11th Cir. 1982).

12. The Defendant, HOME DEPOT U.S.A., INC., is a Delaware Corporation.  The principal place of business of HOME DEPOT U.S.A., INC. is located at 2455 Paces Ferry Road, Atlanta, Cobb County, Georgia 30339.  (<u>See</u> current Florida Department of State - Division of Corporations printout <u>and</u> Annual Report electronically signed by an officer and/or director of HOME DEPOT U.S.A., INC., attached hereto as **<u>Composite Exhibit "C"</u>**).

13. Therefore, for purposes of diversity jurisdiction the Defendant, HOME DEPOT U.S.A., INC., could only be considered a citizen of either Delaware or Georgia, but not Florida.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.

14. There are no allegations in Plaintiff's Complaint that the Plaintiff is a citizen of Delaware or Georgia.

## <u>AMOUNT IN CONTROVERSY</u>

15. In his Complaint, the Plaintiff has generally pled, "[T]his is an action for damages that

exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees." (See Paragraph 1 of **Exhibit "A"**).  The Plaintiff has not pled any specific amount of damages sought.

16. When a plaintiff files the case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional requirements. Williams v. Best Buy Co. Inc., 269 F.3d 1316 (11th Cir. 2001).

17. Based upon the factual allegations as phrased in the Complaint read in conjunction with the Plaintiff's pre-suit demand letter, specifically as it relates to the amount of damages, Plaintiff is seeking in this lawsuit, the amount in controversy in this action far exceeds the jurisdictional requirements of this Court.

18. On or about September 11, 2020, the Plaintiff, through his counsel, provided to the Defendant, or others on Defendant's behalf, a pre-suit demand letter. Within Plaintiff's pre-suit demand letter, the Plaintiff admits that the total amount of damages being sought in this lawsuit exceeds $75,000.  See **Exhibit "D"** (see page 3 of the demand letter).

19. Although not dispositive, pre-suit settlement offers can be considered in establishing that the jurisdictional threshold has been met. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097, (11th Cir. 1994), cited in Morock v. Chautauqua Airlines. Inc., 2007 WL 1725232 (M.D. Fla. 2007, Case No. 8:07-CV-00210-T17MAP).

20. Defendant may use a variety of documents as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable. Essenson v. Coale, 848 F.Supp. 987 (M.D. Fla. 1994), cited in Martin v. Mentor Corporation, 142 F. Supp. 2d 1346 (M.D.

Fla. 2001).

21. In his pre-suit demand letter, the Plaintiff valued his claims in excess of $2,000,000. See **Exhibit "D."**

22. To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff, including a plaintiff's valuation of the case. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).

23. Based upon Plaintiff's pre-suit demand letter, there is hard evidence that the amount in controversy requirement has been met.  A plaintiff's settlement demand can be used to support removal of a case if it is "an honest assessment of damages."  Golden v. Dodge-Markham Co., 1 F.Supp. 2d 1360, 1364 (M.D. Fla. 1998); see also Essenson v. Coale, 848 F.Supp 987, 990 (M.D. Fla. 1994) ("To prohibit Defendants from removing based on an offer of judgment that clearly establishes [the amount] in controversy would violate Defendants' statutory rights under 28 U.S.C. § 1446(b)."). In the instant matter, Plaintiff's counsel's pre-suit demand letter, on its face, purports to be "an honest assessment of damages," a fact unlikely to be disputed by the Plaintiff.  In the instant matter, the pre-suit demand letter was fact-intensive, and contained very detailed medical information regarding Plaintiff's alleged injuries, such as diagnosis, treatment, medical bills, and permanent injuries.  Thus, based upon Plaintiff's own valuation of his claims, the amount in controversy requirement has been met.

24. The above information, specifically the Plaintiff's pre-suit demand letter, can only lead to the conclusion that the amount in controversy in this matter exceeds $75,000.

25. A "settlement letter is valuable evidence to indicate the amount in controversy at the

time of removal." <u>Fairchild v. State Farm Mut. Auto. Ins. Co.</u>, 907 F.Supp. 969, 971

(M.D. La. 1995) citing <u>Wilson v. Belin</u>, 20 F.3d 644, 651 n.8 (5th Cir. 1994).

26. This Notice of Removal of Cause was timely filed within thirty (30) days from May 7,

2021, the date upon which the Defendant/Petitioner (HOME DEPOT) was served

with Plaintiff's Complaint.  <u>See</u> **Composite Exhibit "B"**, attached.  There has been

no waiver by the Defendant/Petitioner of any rights to remove this cause to the

Federal Court.

27. The undersigned counsel are attorneys of record for the Defendant, and have been

specifically authorized to act on behalf of the Defendant/Petitioner in seeking removal

of this cause to the Federal Court.

WHEREFORE, Defendant/Petitioner, HOME DEPOT U.S.A., INC., hereby petitions this

Court for entry of an Order removing this cause from the Circuit Court of the Eighteenth Judicial

Circuit, in and for Brevard County, Florida, to the United States District Court, Middle District

of Florida, Orlando Division, and further demands enjoining prosecution by the

Plaintiff/Respondent in the State Court proceedings and further directing that the State Court

action shall proceed no further and last until further Order of Remand is forthcoming from this

Court.

RESPECTFULLY SUBMITTED this 4th day of June, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I filed the foregoing document with the Clerk of the Court

electronically on June 4, 2021.  I also certify that the foregoing document is being served this

day on all counsel of record identified on the attached Service List in the manner specified, either

via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel who are not authorized to receive electronic Notices of

Electronic Filing.


                                        LUKS, SANTANIELLO, PETRILLO, COHEN
                                        & PETERFRIEND
                                        Attorneys for Defendant
                                        201 S ORANGE AVENUE
                                        SUITE 400
                                        ORLANDO, FL 32801
                                        Telephone:  (407) 540-9170
                                        Facsimile:  (407) 540-9171


                                        By: /s/ Michael A. Kerwin
                                            Anthony Merendino
                                            Florida Bar No.: 860948
                                            Michael A. Kerwin
                                            Florida Bar No.:  102697
                                        LUKSORL-Pleadings@LS-Law.com

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**


**JAMES PIERRE v. HOME DEPOT U.S.A., INC.**



**SERVICE LIST**

**Counsel for Plaintiff:**

Edward C. Combs, Jr., Esquire, Morgan & Morgan, P.A., 940 S. Harbor City  Boulevard, Melbourne, Florida, 32901 (ecombs@forthepeople.com; alishaedwards@forthepeople.com)