## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO:

**JAMES PIERRE,**

**Plaintiff,**

vs.

**HOME DEPOT USA, INC.,**

**Defendant.**          /

## COMPLAINT

Plaintiff, JAMES PIERRE, by and through the undersigned counsel, hereby sues Defendant, HOME DEPOT USA, INC., and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, JAMES PIERRE, is a natural person residing in Brevard County, Florida.

3. At all times material to this action, Defendant, HOME DEPOT USA, INC., is a foreign corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, HOME DEPOT USA, INC., was the owner and in possession of that certain business located at 3373 Ronald McNair Way, Titusville, FL 32780, Brevard County, Florida, open to the general public, including the Plaintiff herein.

5. On or about July 9, 2019, Plaintiff, JAMES PIERRE, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, JAMES PIERRE, was a lawfully guest upon the premises of the Defendant, HOME DEPOT USA, INC., who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, HOME DEPOT USA, INC.

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

    e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

g)  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)  Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)  Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)  Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)  Negligently failing to act reasonably under the circumstances;

n)  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)  Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)  Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on

Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, HOME DEPOT USA, INC.

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the front area flooring, keeping it free from water, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the front area flooring, as specified above, to ascertain whether the water on the front area floor, which was poorly maintained, constituted a hazard to patrons utilizing said front area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the water on the front area flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the water on the front area flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the front area flooring for dangerous conditions;

   g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the front area flooring for dangerous conditions;

   h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the front area flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the front area of the store, sustaining significant personal injuries.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES PIERRE, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

/s/ *Edward C. Combs, Jr.*
**Edward C. Combs, Jr., Esquire**
**FBN 84096**
Morgan & Morgan, P.A.
940 S. Harbor City Blvd.
Melbourne, FL 32901
Telephone: (321) 327-6969
Facsimile: (321) 327-6980
Primary email: ecombs@forthepeople.com
Secondary email:alishaedwards@forthepeople.com;
*Attorneys for Plaintiff*